# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2011

No. 10-60710
Summary Calendar

Lyle W. Cayce
Clerk

SHAKIL AKBARALI MAREDIA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 725 848

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shakil Akbarali Maredia, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for withholding of removal. Maredia claims that he suffered persecution in India because of religion and political opinion and that he will face more persecution in India if forced to return to that country.

If the BIA has made no error of law, we will affirm its conclusion if it is based on the evidence presented and is substantially reasonable. *See Zhu v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Gonzales,* 493 F.3d 588, 593-94 (5th Cir. 2007). We will reverse only if the evidence compels a contrary conclusion. *Id.*

An applicant for withholding of removal bears the burden of demonstrating a clear probability that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion if he is returned to his country of origin. *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006). A future threat to the applicant's life or freedom is presumed if he is found to have suffered persecution on account of a protected ground. *Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007).

Under the well-founded fear requirement that applies to asylum applications, the applicant must subjectively fear persecution, and such subjective fear must be objectively reasonable. *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004). Although it has an objective component, the well-founded-fear standard's focus is on the applicant's subjective beliefs; however, the standard does not require that those beliefs must more likely than not prove true. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987). On the other hand, the standard for withholding of removal has no subjective-fear component, but its objective component—the "likelihood of persecution"—is more stringent. *Chen*, 470 F.3d at 1138. Thus, if the evidence does not compel the conclusion that his fear of persecution satisfies even "the lower objective standard for asylum," it necessarily follows that Mareida is ineligible for withholding of removal. *Id.*

Maredia, a Muslim, testified that he was twice harmed by Hindu fundamentalists in India, in the summer of 2003 and in January 2004. In the 2003 incident, a Hindu fundamentalist group entered his cattle-feed store in a Muslim area of Mumbai and broke things in what Maredia believed was an effort to shut down the store because it was owned by a Muslim. The attack lasted for 10 or 15 minutes. Maredia suffered no physical injuries, but he did incur financial losses. In the January 2004 incident, Maredia was in a tea shop with friends when about 20 Hindu fundamentalists arrived and confronted the

No. 10-60710

shopkeeper about having the shop open on a day of memorial observance of the death of a Hindu leader. After an altercation began, Maredia fled the shop but was struck in the back of the head while doing so. He received first-aid treatment for the resulting minor injury. Maredia did not report either incident to the police, whom he does not trust. Thereafter, Maredia received, once or twice a month, telephoned death threats that "had something to do with" his father's political activities. Maredia entered the United States illegally about a year later and learned of American asylum law thereafter. His parents remain in India and have no intention of leaving.

The conclusion that Maredia failed to establish eligibility for withholding of removal was correct. First, Maredia cannot rely on a presumption of future persecution, because he failed to demonstrate past persecution. *See Zhu*, 493 F.3d at 596. Persecution "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (internal quotation marks omitted). Threats of death do not, of themselves, constitute persecution. *Mikhael v. INS*, 115 F.3d 229, 304 & n.4 (5th Cir. 1997). Moreover, Maredia failed to show that he had been "singled out" for any treatment that amounted to persecution. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). "[A]n applicant's fear of persecution cannot be *based solely* on general violence and civil disorder." *Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004). Although he testified about his fear that the Hindu fundamentalist groups "can search and kill" people, Maredia pointed to no evidence of future acts that would constitute persecution *of Maredia*. The evidence does not compel the conclusion that Maredia's fear of persecution is well founded, and it consequently follows that Maredia does not satisfy the more stringent clear-probability standard for withholding of removal. *See Chen*, 470 F.3d at 1138.

PETITION DENIED.